```
_____ FILED _____ LODGED
_____ RECEIVED
        MAY 0 1 2017
        CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | CAUSE NO. 3:17CV5321 RBL |
| ) | |
| Alejandro-Ray Pedrotti Calderon ) | **COMPLAINT** |
| ) | |
| PLANTIFF ) | TRIAL BY JURY |
| ) | IS DEMANDED |
| Vs. ) | |
| ) | Presented By Plaintiff: |
| DYNAMIC COLLECTORS, INC. ) | Alejandro-Ray Pedrotti |
| ) | Calderon |
| DEFENDANT. ) | |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, AND THE STATE OF WASHINGTON DEBT COLLECTION ACT AND CONSUMER PROTECTION ACT

Plaintiff, Alejandro Calderon (hereinafter referred to as "Plaintiff"), individually, hereby

sues Defendant, DYNAMIC COLLECTORS, INC (hereinafter referred to as

"Defendant"), for violations of the Fair Debt Collection Practices Act (hereinafter

*COMPLAINT*                          *Alejandro-Ray Pedrotti Calderon*
                                     *1332 East 51 street*
                                     *Tacoma, Washington 98404*

1   referred to as "FDCPA) at 15 U.S.C. § 1692, the state of Washington's Collection

2   Agency Act at RCW19.16 and Washington's Consumer Protection Act (hereinafter

3   referred to as "WCPA") at RCW 19.86.

4   **JURISDICTION**

5   1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (d) , 28 U.S.C. § 1331 and

6      jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

7   2. All allegations occurred within one year of the filing date of this complaint.

8   3. Plaintiff made good-faith effort to mediate claim privately. See exhibit J.

9   4. Common law.

10  **VENUE**

11  5. Venue is proper pursuant to 28 U.S.C. § 1391 b(2) and 28 U.S.C. § 1391 c(1) , the

12     Defendants transact business and the conduct complained of occurred in the Western

13     District of Washington, and as the Plaintiff resides in the Western District of

14     Washington.

15
16  **PARTIES**

17
18  6. The Plaintiff is a natural person, who at all relevant times resided in the State of

19     Washington, County of Pierce, and City of Tacoma.

20  7. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a(3) and is alleged to be

21     obligated to pay a debt.

*COMPLAINT*                                    *Alejandro-Ray Pedrotti Calderon*
                                                       *1332 East 51 street*
                                                 *Tacoma, Washington 98404*
                                                            *253-245-4581*

8.   The Defendant is an entity who, allegedly, by use of the mail, or other means, is in the business of collecting debts owed to another and is therefore a debt collector as defined by 15 U.S.C. § 1692 a(6)

9.   The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692 a(6).

10. The Defendant is directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person as defined by RCW 19.16.100(4).

11. The Defendant is a licensee as defined by RCW 19.16.100(9).

## **FACTUAL ALLEGATIONS**

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to the Defendant for collection.

13. The "debt" as defined by 15 U.S.C. § 1692 a(5) is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, which is the subject of the transaction are primarily for personal purposes.

14. The obligation has been reduced to judgment

15. The debt was in default at the time it was obtained by Defendant.

16. On Saturday December 10, 2016 Plaintiff received, by mail, a notice demanding payment of $1,341.44 from the Defendant.

17. In notice the Defendant represented the Original Creditor as JEFFERSON COUNTY DISTRICT CRT.

18. THE Plaintiff alleges the JEFFERSON COUNTY DISTRICT CRT is not the original creditor.

*COMPLAINT*                                    *Alejandro-Ray Pedrotti Calderon*
                                               *1332 East 51 street*
                                               *Tacoma, Washington 98404*

19. In notice the Defendant implied that it was affiliated with the Washington state Department of Licensing "THE COURT MAY NOTIFY THE DEPARTMENT OF LICENSING AND THEY MAY SUSPEND YOUR DRIVER'S LICENSE" and "Once payment is received (which should include all assessments plus interest) we will advise the courts."

20. The Plaintiff alleges the Washington state Department of Licensing is a state agency.

21. In notice the Defendant implied that it was affiliated with a Washington state court by stating "THE COURT MAY NOTIFY THE DEPARTMENT OF LICENSING AND THEY MAY SUSPEND YOUR DRIVER'S LICENSE" and "Once payment is received (which should include all assessments plus interest) we will advise the courts."

22. The Plaintiff alleges the Jefferson County District Court is a court of Washington state.

23. In notice the Defendant represented the original amount owed was $894.00

24. In notice the Defendant represented the interest amount owed was $0.44

25. In notice the Defendant represented the collection and miscellaneous fees of $447.00.

26. The Plaintiff alleges the $447.00 fee is more than 35% of the principal, 894.00.

27. The plaintiff alleges the fee is 50% of the principal.

28. In notice the Defendant represented the interest accrues at 12% per annum.

29. On or about Tuesday, December 13, 2016 Plaintiff mailed, by U.S. Postal Service- First Class Mail, a notice of dispute and request for validation to the Defendant.

*COMPLAINT*

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*
*253-245-4581*

30. On Saturday, January 12, 2017 Plaintiff received by mail, a response to dispute and request for validation.

31. The response notice from the Defendant included an statement itemizing account # 3091809 and a uncertified copy of JEFFERSON COUNTY DISTRICT CRT docket case # 6Z0657744.

32. The Plaintiff alleges the defendant did not send a copy of the judgment indicating JEFFERSON COUNTY DISTRICT CRT was original creditor or any document that would make it judgment holder.

33. The Itemized statement reflected a new balanced owed $1,357.31.

34. The Plaintiff alleges the $15.87 addition of interest is more than 12% per year.

35. The Plaintiff alleges the Defendant and the alleged original creditor have not ceased collection efforts by continuing to suspend Plaintiffs driver's license.

36. The Plaintiff alleges the Defendant did not cease collection efforts by adding and billing for interest in response for validation.

37. The Plaintiff, Alejandro Calderon, has suffered an injury by having his driver's license suspended, by losing his ability to drive his employer's vehicle to and from jobsites.

38. The Plaintiff, Alejandro Calderon, has sustained injuries by having his driver's license suspended, and those injuries include having to pay a fee of $102.00 to re-instate driver's license and take time off work to do so;

COMPLAINT

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*

1    39.  Plaintiff sustained injury by being exposed to jail and misdemeanor charges for

2         exercising his right to travel freely upon the state's highways traveling to and from

3         work;

4    40. Plaintiff sustained injury in that his professional reputation and marketability have

5         decreased, as plaintiff markets his reliability to travel safely and lawfully to work.

6    41. The Plaintiff alleges the Defendant has no lawful authority to suspend Plaintiffs

7         Driver's License.

8    42. The Plaintiff alleges the alleged primary creditor has no lawful authority to suspend

9         Plaintiffs Driver's License.

10   43.  The Plaintiff claims that the Defendant has violated the Washington Consumer

11        Protection Act.

12   44. The Defendant has engaged in an unfair and deceptive act and/or practice.

13   45. The defendant's unfair and deceptive acts and/or practices have occurred in the

14        conduct of the Defendant's trade or commerce.

15   46. Plaintiff alleges these unfair and deceptive acts and practices affect the public

16        interest.

17   47. Plaintiff alleges injuries where sustained in his property.

18   48. Plaintiff alleges that the defendant's unfair and deceptive acts and/or practices were

19        the proximate cause of plaintiff's injuries.

20   49. The Plaintiff alleges that act or practice by the Defendant are injurious to the public

21        interest because it violates a statute that incorporates this chapter, RCW19.86;

*COMPLAINT*                              *Alejandro-Ray Pedrotti Calderon*
                                                    *1332 East 51 street*
                                          *Tacoma, Washington 98404*
                                                         *253-245-4581*

1  50.  Injured other persons; had the capacity to injure other persons; has the capacity to

2      injure other persons.

3                                    **COUNT I**

4  51. Plaintiff repeats the foregoing paragraphs as fully restated herein.

5  52. The Defendant made a false implication that it was affiliated with a state, in violation

6      of FDCPA 1692e (1).

7  53. The Defendant implied an affiliation with a State court by stating "THE COURT

8      MAY NOTIFY THE DEPARTMENT OF LICENSING AND THEY MAY

9      SUSPEND YOUR DRIVER'S LICENSE". See exhibit A.

10                                   **COUNT II**

11 54. Plaintiff repeats the foregoing paragraphs as fully restated herein.

12 55. The Defendant made a false implication that it was affiliated with a state, in violation

13     of FDCPA 1692e (1).

14 56. The Defendant implied an affiliation with a State Agency by stating "THE COURT

15     MAY NOTIFY THE DEPARTMENT OF LICENSING AND THEY MAY

16     SUSPEND YOUR DRIVER'S LICENSE". See exhibit A

17                                   **COUNT III**

18 57. Plaintiff repeats the foregoing paragraphs as fully restated herein.

19 58. The Defendant made a false and misleading representation that the plaintiff owes

20     JEFFERSON COUNTY DISTRICT CRT $894.00, in violation of FDCPA 1692e (2).

21 59. The claim is false because the notice provided by the debt collector list the primary

22     creditor as JEFFERSON COUNTY DISTRICT CRT. See exhibits F.

*COMPLAINT*                                    *Alejandro-Ray Pedrotti Calderon*
                                               *1332 East 51 street*
                                               *Tacoma, Washington 98404*

1   60. The claim is misleading because the notice provided by the debt collector does not list

2       the correct primary creditor. See Exhibit A.

3                                    **COUNT IV**

4   61. Plaintiff repeats the foregoing paragraphs as fully restated herein.

5   62. The Defendant made an implication that nonpayment of the debt would result in

6       seizure of any property unless such action was unlawful, in violation of FDCPA

7       1692e (2).

8   63. The Defendant implied seizure of Plaintiff's Driver's License until Plaintiff paid debt,

9       assessments, and fees.

10  64. The seizure of Plaintiff's Driver's License is not authorized according to RCW

11      46.20.270 (4).See exhibit I, G.

12                                   **COUNT V**

13  65. Plaintiff repeats the foregoing paragraphs as fully restated herein.

14  66. The Defendant used and  distributed written communication which simulated or

15      falsely represented to be a document authorized, issued, or approved by any court, or

16      which creates a false impression as to its source, authorization, or approval, in

17      violation of FDCPA 1692e (9).

18  67. The Defendant represented an uncertified copy of the court docket, case # 6Z0657744

19      as the judgment, when compared to the standard of the least sophisticated consumer

20      or not. See exhibit D.

21                                   **COUNT VI**

*COMPLAINT*                                    *Alejandro-Ray Pedrotti Calderon*
                                               *1332 East 51 street*
                                               *Tacoma, Washington 98404*
                                               *253-245-4581*

1   68. Plaintiff repeats the foregoing paragraphs as fully restated herein.

2   69. The Defendant is collecting an amount (including any interest, fee, charge, or expense

3       incidental to the principal obligation) that is not expressly authorized by the

4       agreement creating the debt or permitted by law, in violation of FDCPA f (1).

5   70. The Defendant is attempting to collect a fee of 50% of the principal, an amount not

6       authorized by law. See exhibit K or RCW 19.16.250 (21).

7                                    **COUNT VII**

8   71. Plaintiff repeats the foregoing paragraphs as fully restated herein.

9   72. The Defendant is collecting an amount (including any interest, fee, charge, or expense

10      incidental to the principal obligation) that is not expressly authorized by the

11      agreement creating the debt or permitted by law, in violation of FDCPA f (1).

12  73. The Defendant is attempting to collect interest not authorized by agreement or by

13      judgment.

14                                   **COUNT VIII**

15  74. Plaintiff repeats the foregoing paragraphs as fully restated herein.

16  75. The Defendant is collecting an amount (including any interest, fee, charge, or expense

17      incidental to the principal obligation) that is not expressly authorized by the

18      agreement creating the debt or permitted by law, in violation of FDCPA f (1).

19  76. The Defendant is collecting interest at a rate of more than 12%, an amount not

20      authorized by law. See exhibit C,L, or RCW 19.52.010.

21                                    **COUNT IX**

22  77. Plaintiff repeats the foregoing paragraphs as fully restated herein.

COMPLAINT

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*

1   78. The Defendant did not cease collection of the debt, or any disputed portion thereof,

2        until the Defendant obtains verification of the debt or a copy of a judgment, in

3        violation of FDCPA g (2).

4   79. The defendant has not provided Judgment to validate debt.

5   80. By withholding Plaintiff's Driver's License until payment in full was made to

6        Defendant is a collection effort. See exhibit A.

7   81. The Defendant continued collection efforts by adding and billing for interest. See

8        exhibit C.

9                                      <u>**COUNT X**</u>

10  82. Plaintiff repeats the foregoing paragraphs as fully restated herein.

11  83. The Defendant made a statement which might be construed as indicating an official

12       connection with a county law enforcement agency while engaged in collection agency

13       business, in violation of RCW 19.19.250 (4).

14  84. The Defendant implied an affiliation with a county court by stating "THE COURT

15       MAY NOTIFY THE DEPARTMENT OF LICENSING AND THEY MAY

16       SUSPEND YOUR DRIVER'S LICENSE". See exhibit A.

17  85. A violation of RCW19.16.250 is a Per Se violation of WCPA.

18  86. A violation of indicating an official connection with a county law enforcement

19       agency while engaged in collection agency business is an unfair and deceptive

20       practice in the conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

21  87. The statute provides as follows: any simulation thereof, or make any statements

22       which might be construed as indicating an official connection with any federal, state,

*COMPLAINT*                              *Alejandro-Ray Pedrotti Calderon*
                                         *1332 East 51 street*
                                         *Tacoma, Washington 98404*
                                         *253-245-4581*

1   county, or city law enforcement agency, or any other governmental agency, while

2   engaged in collection agency business.

3   **COUNT XI**

4   88. Plaintiff repeats the foregoing paragraphs as fully restated herein.

5   89. The Defendant made a statement which might be construed as indicating an official

6   connection with a State agency while engaged in collection agency business, in

7   violation of RCW 19.19.250 (4).

8   90. The Defendant implied an affiliation with the DEPARTMENT OF LICENSING by

9   stating "THE COURT MAY NOTIFY THE DEPARTMENT OF LICENSING AND

10   THEY MAY SUSPEND YOUR DRIVER'S LICENSE". See exhibit A.

11   91. A violation of RCW19.16.250 is a Per Se violation of WCPA.

12   92. A violation of indicating an official connection with a State agency while engaged in

13   collection agency business is an unfair and deceptive practice in the conduct of

14   DYNAMIC COLLECTIONS. INC. trade or commerce.

15   93. The statute provides as follows: any simulation thereof, or make any statements

16   which might be construed as indicating an official connection with any federal, state,

17   county, or city law enforcement agency, or any other governmental agency, while

18   engaged in collection agency business.

19   **COUNT XII**

20   94. Plaintiff repeats the foregoing paragraphs as fully restated herein.

*COMPLAINT*

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*

1   95. The Defendant has not provided the name of the original creditor, and the Defendant

2   has not ceased collection efforts until providing such information, in violation of

3   RCW 19.16.250 (8)(d).

4   96. A violation of RCW19.16.250 is a Per Se violation of WCPA.

5   97. A violation of not providing name of original creditor and failing to cease collection

6   efforts until doing so is an unfair and deceptive practice in the conduct of DYNAMIC

7   COLLECTIONS. INC. trade or commerce.

8   98. The statute provides as follows: (8) send to any debtor any notice, letter, message, or

9   form, other than through proper legal action, process, or proceedings, which

10  represents or implies that a claim exists unless it shall indicate in clear and legible

11  type:

12       (b)  The name of the original creditor to whom the debtor owed the claim

13       PROVIDED, that upon written request of the alleged debtor, the licensee shall

14       provide this name to the debtor or cease efforts to collect on the debt until this

15       information is provided;

16  99. The Plaintiff has not provided name of original creditor and continue collection

17  efforts.

18                 **COUNT XIII**

19  100.   Plaintiff repeats the foregoing paragraphs as fully restated herein.

20  101.   The Defendant communicated with the alleged debtor through use of forms or

21  instruments that simulate the form or appearance of judicial process, the form or

22  appearance of government documents, in violation of RCW 19.16.250 (8)(d).

Page 12 of 20

*COMPLAINT*   *Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*
*253-245-4581*

102.   A violation of RCW19.16.250 is a Per Se violation of WCPA.

103.   A violation of communicating with the alleged debtor through use of forms that simulate the form or appearance of government documents is an unfair and deceptive practice in the conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

104.   The statute provides as follows: Communicated with the alleged debtor through use of forms or instruments that simulate the form or appearance of judicial process, the form or appearance of government documents.

105.   The Defendant sent court docket as substitute or simulation of court Judgment.

## COUNT XIV

106.   Plaintiff repeats the foregoing paragraphs as fully restated herein.

107.   Communicated with the alleged debtor that the obligation has been increased by charging collection fee when in fact such fees or charges may not legally be added to the existing obligation of such debtor, in violation of RCW 19.16.250 (15).

108.   A violation of RCW19.16.250 is a Per Se violation of WCPA.

109.   A violation of communicating with the alleged debtor that obligation has been increased by charging collection fee when in fact such fees or charges may not legally be added to the existing obligation of such debtor is an unfair and deceptive practice in the conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

110.   The statute provides as follows: Communicated with the alleged debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of service fees, or any other fees or charges when in fact

*COMPLAINT*

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*

1   such fees or charges may not legally be added to the existing obligation of such

2   debtor.

3   111.   The Defendant charged collection fee that it was not legally authorized to charge.

4

5                                   **COUNT XV**

6   112.   Plaintiff repeats the foregoing paragraphs as fully restated herein.

7   113.   Communicated with the alleged debtor that the obligation has been increased by

8   charging interest when in fact such fees or charges may not legally be added to the

9   existing obligation of such debtor, in violation of RCW 19.16.250 (15).

10   114.   A violation of RCW19.16.250 is a Per Se violation of WCPA.

11   115.   A violation of communicating with the alleged debtor that obligation has been

12   increased by charging interest when in fact such fees or charges may not legally be

13   added to the existing obligation of such debtor is an unfair and deceptive practice in

14   the conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

15   116.   The statute provides as follows: Communicated with the alleged debtor and

16   represent or imply that the existing obligation of the debtor may be or has been

17   increased by the addition of service fees, or any other fees or charges when in fact

18   such fees or charges may not legally be added to the existing obligation of such

19   debtor.

20   117.   The Defendant charged interest fee that it was not legally authorized to charge.

21                                   **COUNT XVI**

22   118.   Plaintiff repeats the foregoing paragraphs as fully restated herein.

*COMPLAINT*                          *Alejandro-Ray Pedrotti Calderon*
                                     *1332 East 51 street*
                                     *Tacoma, Washington 98404*
                                     *253-245-4581*

119.   Threating to take any action against the alleged debtor which the licensee cannot

legally take at the time the threat is made is a violation of RCW 19.16.250 (16).

120.   A violation of RCW19.16.250 is a Per Se violation of WCPA.

121.   A violation of Threating to take any action against the alleged debtor which the

licensee cannot legally take at the time the threat is made is an unfair and deceptive

practice in the conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

122.   The statute provides as follows: Threaten to take any action against the alleged

debtor which the licensee cannot legally take at the time the threat is made.

123.   The defendant RCW 19.16.250 (16) by implying the withholding of my driver's

license until debt was paid, when no authority to withhold my license existed.

## COUNT XVII

124.   Plaintiff repeats the foregoing paragraphs as fully restated herein.

125.   Communicated with the alleged debtor that the obligation has been increased by

charging interest when in fact such fees or charges may not legally be added to the

existing obligation of such debtor, in violation of RCW 19.16.250 (15).

126.   A violation of RCW19.16.250 is a Per Se violation of WCPA.

127.   A violation of communicating with the alleged debtor that obligation has been

increased by charging interest when in fact such fees or charges may not legally be

added to the existing obligation of such debtor is an unfair and deceptive practice in

the conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

128.   The statute provides as follows: Communicated with the alleged debtor and

represent or imply that the existing obligation of the debtor may be or has been

*COMPLAINT*

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*

1   increased by the addition of service fees, or any other fees or charges when in fact

2   such fees or charges may not legally be added to the existing obligation of such

3   debtor.

4   129.   The Defendant charged interest fee of more than 12% per year.

5   <u>**COUNT XVIII**</u>

6   130.   Plaintiff repeats the foregoing paragraphs as fully restated herein.

7   131.   The Defendant attempted to collect in addition to the principal amount of the

8   claim, an amount charged to the debtor for collection services shall not exceed thirty-

9   five percent of the commercial claim, in violation of RCW 19.16.250 (21).

10  132.   A violation of RCW19.16.250 is a Per Se violation of WCPA.

11  133.   A violation of any amount charged to the debtor for collection services exceeding

12  thirty-five percent of the commercial claim is an unfair and deceptive practice in the

13  conduct of DYNAMIC COLLECTIONS. INC. trade or commerce.

14  134.   The statute provides as follows: Collect or attempt to collect in addition to the

15  principal amount of a claim any sum other than allowable interest, collection costs or

16  handling fees expressly authorized by statute, and, in the case of suit, attorney's fees

17  and taxable court costs. A licensee may collect or attempt to collect collection costs

18  and fees, including contingent collection fees, as authorized by a written agreement or

19  contract, between the licensee's client and the debtor, in the collection of a

20  commercial claim. The amount charged to the debtor for collection services shall not

21  exceed thirty-five percent of the commercial claim.

22  135.   The defendant charged a collection fee of 50%

*COMPLAINT*                    *Alejandro-Ray Pedrotti Calderon*
                               *1332 East 51 street*
                               *Tacoma, Washington 98404*
                               *253-245-4581*

1

## **COUNT XIX**

2   136.   The Plaintiff claims that the Defendant has violated the Washington Consumer

3          Protection Act.

4   137.   The Defendant has engaged in an unfair and deceptive act and/or practice.

5   138. The Defendant's unfair and deceptive acts and/or practices have occurred in the

6          conduct of the Defendant's trade or commerce.

7   139.   Plaintiff alleges these unfair and deceptive acts and practices affect the public

8          interest.

9   140.   Plaintiff alleges injuries where sustained in his property by the Defendant

10         withholding the Plaintiff's driver's license until Defendant was paid.

11  141.   Plaintiff alleges that the defendant's unfair and deceptive acts and/or practices

12         were the proximate cause of plaintiff's injuries.

13  142.   By the Defendant withholding the Plaintiff's driver's license until Defendant was

14         paid, produced an injury by having his driver's license suspended, by losing his

15         ability to drive his employer's vehicle to and from jobsites. the injuries complained of

16         and without which such injury would not have happened.

17

## **COUNT XX**

18  143.   The Plaintiff claims that the Defendant has violated the Washington Consumer

19         Protection Act.

20  144.   The Defendant has engaged in an unfair and deceptive act and/or practice.

21  145. The Defendant's unfair and deceptive acts and/or practices have occurred in the

22         conduct of the Defendant's trade or commerce.

*COMPLAINT*                                         *Alejandro-Ray Pedrotti Calderon*
                                                    *1332 East 51 street*
                                                    *Tacoma, Washington 98404*

146.   Plaintiff alleges these unfair and deceptive acts and practices affect the public interest.

147.   Plaintiff alleges injuries where sustained in his property by the Defendant withholding the Plaintiff's driver's license until Defendant was paid.

148.   Plaintiff alleges that the defendant's unfair and deceptive acts and/or practices were the proximate cause of plaintiff's injuries.

149.   By the Defendant withholding the Plaintiff's driver's license until Defendant was paid, produced an injuries by having his driver's license suspended, and those injuries include having to pay a fee of $102.00 to re-instate driver's license and take time off work to do so;

150.   Produced an injury by being exposed to jail and misdemeanor charges for exercising his right to travel freely upon the state's highways traveling to and from work;

151.   Produced an injury in that his professional reputation and marketability have decreased, as plaintiff markets his reliability to travel safely and lawfully to work.

152.   The injuries complained of and without which such injury would not have happened.

## **COUNT XXI**

153.   The Plaintiff claims that the Defendant has violated the Washington Consumer Protection Act.

154.   The Defendant has engaged in an unfair and deceptive act and/or practice.

*COMPLAINT*                                     *Alejandro-Ray Pedrotti Calderon*
                                                *1332 East 51 street*
                                                *Tacoma, Washington 98404*
                                                *253-245-4581*

1   155. The Defendant's unfair and deceptive acts and/or practices have occurred in the

2   conduct of the Defendant's trade or commerce.

3   156.    Plaintiff alleges these unfair and deceptive acts and practices affect the public

4   interest.

5   157.    Plaintiff alleges injuries where sustained in his property.

6   158.    Plaintiff alleges that the defendant's unfair and deceptive acts and/or practices

7   were the proximate cause of plaintiff's injuries.

8   159.    By the Defendant sending a notice to collect a debt and failure to validate it

9   produced injury of $1357.31 to the Plaintiff, the injuries complained of and without

10   which such injury of $1357.31 would not have happened.

11

12   **WHEREFORE,** Plaintiff, Alejandro Calderon, demands relief and judgment be entered

13   against Defendant, DYNAMIC COLLECTORS, INC, for counts 1 through 9:

14      1.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices

15          Act, 15 U.S.C. 1692k (2) a;

16      2.  Actual Damages of $102.00 to reinstate Plaintiffs driver's license,

17      3.  An award to cover court fee and service fee.

18      4.  Any other relief this Honorable Court deems just and proper.

19

20   **WHEREFORE,** Plaintiff, Alejandro Calderon, demands relief and judgment be entered

21   against Defendant, DYNAMIC COLLECTORS, INC, for counts 10 through 20:

22      1.  Statutory damages of $2,000.00 for each count , pursuant to the RCW 19.86.140;

*COMPLAINT*                                *Alejandro-Ray Pedrotti Calderon*
                                           *1332 East 51 street*
                                           *Tacoma, Washington 98404*

2.  Violation of RCW 19.16 are cumulative pursuant to RCW 19.16.900,

3.  Injunction imposing additional penalty pursuant to RCW 19.16.450.

*If an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim.*

4.  Any other relief this Honorable Court deems just and proper.

**WHEREFORE,** Plaintiff, Alejandro Calderon, demands relief and judgment be entered against Defendant, DYNAMIC COLLECTORS, INC, for count 21:

1.  Damages of $1,357.31 pursuant to the common law;

2.  Any other relief this Honorable Court deems just and proper.

## Demand for Trial by Jury

Take notice, the Plaintiff, Alejandro Calderon, demands a trial By Jury in this action.

Dated: May 1, 2017

Alejandro Calderon

1332 East 51st Street

Tacoma, Washington 98404

Page 20 of 20

*COMPLAINT*

*Alejandro-Ray Pedrotti Calderon*
*1332 East 51 street*
*Tacoma, Washington 98404*
*253-245-4581*

# Exhibit A

DYNAMIC COLLECTORS INC                          **ACD**    3091809
790 S MARKET BLVD
CHEHALIS WA 98532
360-748-0420
www.dcipayment.com

Date: 12-02-16


CALDERON, ALEJANDRO R
3806 E HOWE ST
TACOMA WA 98404-3728


ACCOUNT #: 3091809      RE:  JEFFERSON COUNTY DISTRICT CRT
CITATION #: 6Z0657744 WSP       DATE OF LAST PAYMENT TO CREDITOR: 10-25-16

ORIGINAL AMOUNT REFERRED:     $      894.00
INTEREST:                     $        0.44
ATTORNEY FEES:                $        0.00
COURT COSTS & FEES:           $        0.00
COLLECTION FEES & MISC FEES:  $      447.00
PAYMENTS RECEIVED:            $        0.00
TOTAL BALANCE DUE:            $     1341.44

Interest accrues at 12% per annum.

Your citation with the court listed above has been referred to our office for
collection.  Your payment, or any questions you may have, should be directed to this
office. THE COURT WILL REFER YOU DIRECTLY TO US.

IF THIS IS A MOVING VIOLATION CASE, THE COURT MAY NOTIFY THE DEPARTMENT OF LICENSING
AND THEY MAY SUSPEND YOUR DRIVER'S LICENSE.

Payment should be made in US currency (if paying in person), money order, or cashiers
check. We also accept credit/debit cards on most accounts.  Once payment is received
(which should include all assessments plus interest) we will advise the courts.
Payments should be made out to Dynamic Collectors Inc or DCI.  PERSONAL CHECKS MAY BE
RETURNED.

Unless you notify this office within 30 days after receiving this notice that you
dispute the validity of this debt or any portion thereof, this office will assume this
debt is valid.  If you notify this office in writing within 30 days from receiving
this notice that you dispute the validity of this debt or any portion thereof, this
office will obtain verification of the debt or obtain a copy of a judgment and mail
you a copy of such judgment or verification.  If you request this office in writing
within 30 days after receiving this notice this office will provide you with the name
and address of the original creditor, if different from the current creditor.

This communication is from a debt collector.  This is an attempt to collect a debt
and any information obtained will be used for that purpose.

# Exhibit B

U.S. POSTAGE>>PITNEY BOWES

ZIP 98532
02 1W
0001386978 DEC 05 2016

$ 000.45²

PRESORTED
FIRST CLASS

90 S MARKET BLVD
CHEHALIS WA 98532

ADDRESS SERVICE REQUESTED

**CONFIDENTIAL***

141      KSF-IMP      98404

# Exhibit C

DYNAMIC COLLECTORS INC                                    D24      3091809
790 S MARKET BLVD
CHEHALIS WA 98532
360-748-0420


Date: 01-07-17



CALDERON, ALEJANDRO R
1332 EAST 51ST STREET
TACOMA WA 98404-3728




Dear Sir or Madam,

Here is the balance and itemized statement on the following account.

If you have questions regarding your account, please call our office at the number
listed above.  Interest accrues at 12% per annum.


Account#:  3091809
Creditor:  JEFFERSON COUNTY DISTRICT CRT
Creditor account number:  6Z0657744 WSP


ORIGINAL AMOUNT REFERRED:    $      894.00
INTEREST:                    $       16.31
ATTORNEY FEES:               $        0.00
COURT COSTS & FEES:          $        0.00
COLLECTION FEES & MISC FEES: $      447.00
PAYMENTS RECEIVED:           $        0.00
TOTAL BALANCE DUE:           $     1357.31




This communication is from a debt collector.  This is an attempt to collect a debt
and any information obtained will be used for that purpose.
                                                        **ITMZD**

# Exhibit D

```
D07020SX AFM                    JEFFERSON DISTRICT COURT                     PAGE:       2
                                   D O C K E T
                                                        CASE: 6Z0657744 WSP
DEFENDANT                                               Infraction Traffic
  CALDERON, ALEJANDRO R                                 Agency No.

TEXT - Continued
  S 10/21/2016 Case Obligation Selected for Collections                              AFM
  U 10/24/2016 0216PM DEF CALLED FOR JUDGE TO FILE APPEAL
  S            Collections: 1st Notice Prepared
     10/25/2016 16299100103 Miscellaneous Payment Received              230.00 LMD
                 for APP FILING FEE
                16299100104 Miscellaneous Payment Received               40.00
                 for PREP APP RECORD
                16299100105 Miscellaneous Payment Received               20.00
                 for PREP TRANSCRIPT
  U            NOTICE OF APPEAL                                                       AFM
     10/27/2016 TRANSMITTAL OF RECORD ON APPEAL TO SUPERIOR COURT
                CLERK'S PAPERS
                INDEX TO CLERK'S PAPERS
     11/03/2016 0943AM DEF CALLED IN REGARDS FTA, CLERK ADVISED OF NO
                PAYMENT OR TPSE. DEF STATED HE FILED AN APPEAL, CLERK
                ADVISED THIS DOES NOT TOLL ACTION. DEF WILL FILE HIS OWN
                MOTION
     11/07/2016 1247PM DEF CALLED ADVISING THE STAY IS AUTOMATIC PENDING AN
                APPEAL. CLERK ADVISED TO FILE A MOTION
     11/10/2016 DECLARATION IN SUPORT OF MOTION TO STAY
                MOTION FOR ORDER TO SHOW CAUSE RE: STAY OF JUDGMENT PENDING
                APPEAL
                NOI TO JIL
                ORDER ON MOTION TO STAY JUDGMENT/ORDER-DENIED, INCORRECT
                COURT
  S 11/29/2016 Case Obligation Assigned to DYNAMIC COLLECTORS INC for Collec
                tions
  U 12/22/2016 WRITTEN REQUEST FROM DEF REQUESTING CD OF HEARING.              EAA
                CD MAILED THIS DAY.
  S            16357100069 Miscellaneous Payment Received                25.00
                 for COPY/TAPE FEES


ACCOUNTING SUMMARY
                     Total Due        Paid        Credit        Balance
    Timepay: N        1,164.00        290.00                     894.00

COLLECTION STATUS
    Status Date   Status Description              Cln Amt
    11/29/2016    Agent Assigned by System          894.00

    Collection Agent: DYNAMIC COLLECTORS INC

ADDITIONAL CASE DATA
    Case Disposition
      Disposition: OPEN

Docket continued on next page
```

```
11/12/20XX 8AM            JEFFERSON DISTRICT COURT             PAGE:    1
                               D O C K E T

                                          CASE: 6Z0657744 USP
DEFENDANT                                 Infraction Traffic
  CALDERON, ALEJANDRO R                   Agency No.
  3506 E HOWE ST
  TACOMA WA 98404-3728
                                 Home Phone: 25332XXXX8X
                                 Work Phone: 2534762X8X

AKA No aliases on file.


                   *** FTA ISSUED ***

OFFICER
  U0543 USP ELLEFSON, ERIC

CHARGES
  Violation Date: 07/23/2016                 DV Plea        Finding
   1 46.61.400.13    SPEEDING 13 MPH OVER LIMIT N          Committed
   2 46.30.020       OP MOT VEH W/OUT INSURANC N           Committed
   3 46.61.745       MARIJUANA IN MOTOR VEHICL N           Committed

TEXT
  S 07/23/2016 Received eTicket 6Z0657744 @ 02:04 PM by designated computer  SYS
    07/25/2016 Case Filed on 07/25/2016                                      LMD
               DEF 1 CALDERON, ALEJANDRO R Added as Participant
               OFF 1 ELLEFSON, ERIC Added as Participant
               JTR/LGA/TBI fee included in the bail amount
               Case linked to electronic ticket 6Z0657744
  U 08/08/2016 DEFENDANT REQUESTS CONTESTED HEARING.                         OAK
  S            FTA Processing Delayed, Review Date 10/15/2016
  U            WRITTEN NOTE ON CIT: "JURY TRIAL IS DEMANDED"
  S            CON Set for 09/26/2016 09:00 AM                               LMD
               in Room 1 with Judge JIL
    08/09/2016 Notice Issued for CON on 09/26/2016 09:00 AM
  U 08/15/2016 OFFICERS DEC RCVD- TO LMD DESK                                TQ8
  S 09/23/2016 CON on 09/26/2016 09:00 AM                                    LMD
               Changed to Room 1 with Judge NFH
  U 09/26/2016 DEF PRESENT AND SWORN IN
               DEF OBJECTS TO DECLARATION AS OFFICER IS NOT PRESENT
               MOTION DENIED AS COURT RULES ALLOW DECLARATION IN WRITING.
               DEF TESTIFIES.
               COURT FINDS ALL THREE COUNTS COMMITTED
  S            Finding/Judgment of Committed for Charge 1
               Case Heard Before Judge HARRISON, NOAH F
               Finding/Judgment of Committed for Charge 2
               Case Heard Before Judge HARRISON, NOAH F
               Finding/Judgment of Committed for Charge 3
               Case Heard Before Judge HARRISON, NOAH F
               Accounts Receivable Created                         842.00
               FTA Processing Delay Removed
               CON: Held
               Proceedings Recorded on Tape No. 0926
               Disposition sent electronically to DOL                        SYS
    10/18/2016 FTA Ordered                                                   AFM
               FTA Issued, Amount Due                               894.00 SYS

Docket continued on next page
```

D0702ASX AFM                    JEFFERSON DISTRICT COURT                    PAGE:        3
                                    D O C K E T

                                                        CASE: 6Z0557744 USP
                                                        Infraction Traffic
DEFENDANT                                               Agency No.
   CALDERON, ALEJANDRO R

ADDITIONAL CASE DATA - Continued


   Hearing Summary
      Held     CONTESTED HEARING    ON 09/26/2016 AT 09:00 AM IN ROOM 1    WITH NF4

End of docket report for this case


                         **JEFFERSON COUNTY DISTRICT COURT**
                         **PO BOX 1220**
                         **PORT TOWNSEND, WA 98368**

                    # 3091809

# Exhibit E

790 S MARKET BLVD
CHEHALIS WA  98532

ADDRESS SERVICE REQUESTED

***CONFIDENTIAL***

141

LSF-1hP

98404

PRESORTED
FIRST CLASS



PRESORTED
FIRST CLASS

ZIP 98532
02  1W
0001386978 JAN 11 2017

U.S.POSTAGE >> PITNEY BOWES

$ 000.45²

# Exhibit F

```
                    JEFFERSON SUPERIOR COURT     04-25-17  08:52  PAGE  1


CASE#: 16-2-00180-6              JUDGMENT# NO
TITLE: STATE OF WASHINGTON VS ALEJANDRO CALDERON
FILED: 10/25/2016
CAUSE: LCI LOWER COURT APPEAL-INFRACTION    DV: N

RESOLUTION:  CDTA   DATE: 03/27/2017   COURT DECISION TO AFFIRM (APPEAL)
COMPLETION:  JODF   DATE: 03/27/2017   JUDGMENT/ORDER/DECREE FILED
CASE STATUS: APP    DATE: 04/24/2017   ON APPEAL
ARCHIVED:
CONSOLIDT:
 NOTE1:
 NOTE2:


------------------------------------ PARTIES -------------------------------


   CONN.   LAST NAME, FIRST MI TITLE        LITIGANTS        DATE

   PLA01   STATE OF WASHINGTON
   DEF01   CALDERON, ALEJANDRO R
   ATP01   PROSECUTOR



----------------------------APPEARANCE DOCKET------------------------------

                   CODE/
   SUB#   DATE     CONN    DESCRIPTION/NAME                  SECONDARY


   1    10/25/2016 NTAPRD  NOTICE OF APPL ON RALJ DEC (LWR CT)
   2    10/26/2016 CRRSP   CORRESPONDENCE FROM COURT ADMIN
              ACTION  ORAL ARGUMENT ON APPEAL - RALJ
   -    10/26/2016 NOTE    BAD DATE; NOTIFIED COURT ADMIN
   3    10/27/2016 CRRSP   CORRESPONDENCE FROM COURT ADMIN   01-20-2017MC
                           (AMENDED)
              ACTION  ORAL ARGUMENT ON APPEAL
   4    10/27/2016 CLP     CLERK'S PAPERS SENT
   5    12/05/2016 MTSC    MOTION FOR ORDER TO SHOW CAUSE
   6    12/05/2016 DCLR    DECLARATION IN SUPPORT OF MOTION
   7    12/05/2016 PROR    PROPOSED ORDER/FINDINGS
   8    12/12/2016 MTSC    MOTION FOR ORDER TO SHOW CAUSE
                           FOR STAY PENDING APPEAL
   9    12/12/2016 DCLR    DECLARATION IN SUPPORT OF MOTION
   10   12/12/2016 MTSC    MOTION FOR ORDER TO SHOW CAUSE
                           RE EXTENSION OF TIME
   11   12/12/2016 DCLR    DECLARATION IN SUPPORT
   12   12/12/2016 BR      BRIEF APPELANTS
   13   12/14/2016 ORTSC   ORDER TO SHOW CAUSE (STAY JUDGMENT)
   14   12/14/2016 ORTSC   ORDER TO SHOW CAUSE (EXTENSION OF
                           TIME)
   -    12/14/2016 EXWACT  EX-PARTE ACTION  WITH ORDER
              JDG01   JUDGE KEITH C. HARPER
   15   12/14/2016 CRRSP   CORRESPONDENCE COURT ADMINISTRATOR  12-23-2016MC
              ACTION  MOTION TO STAY
   16   12/23/2016 MTHRG   MOTION HEARING
                           MINUTES
   17   01/11/2017 NT      NOTICE OF CLAIM
   18   01/11/2017 RTS     RETURN OF SERVICE
```

16-2-00180-6          JEFFERSON SUPERIOR COURT       04-25-17  08:52  PAGE  2

-----------------------------------APPEARANCE DOCKET-------------------------------------

| SUB# | DATE | CODE/CONN | DESCRIPTION/NAME | SECONDARY |
|------|------|-----------|------------------|-----------|
| 19 | 01/12/2017 | RSP | RESPONSE BRIEF ON RALJ STATE'S | |
| 20 | 01/20/2017 | MTHRG | MOTION HEARING | |
| ~ | 01/20/2017 | PEN01 | UNDER ADVISEMENT JUDGE HARPER MINUTES | |
| 21 | 03/27/2017 | MM | MEMORANDUM OPINION & ORDER | |
| ~ | 03/27/2017 | EXWACT | EX-PARTE ACTION  WITH ORDER | |
| | | JDG01 | JUDGE KEITH C. HARPER | |
| 22 | 03/27/2017 | CRRSP | CORRESPONDENCE FROM COURT ADMIN | |
| 23 | 04/24/2017 | NACA | NOTICE OF APPEAL TO COURT OF APPEAL | |
| 24 | 04/24/2017 | OB | OBJECTION / OPPOSITION | |
| 25 | 04/24/2017 | AFSR | AFFIDAVIT/DCLR/CERT OF SERVICE | |

=====================================END================================================

# Exhibit G

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF JEFFERSON

**FILED**

OCT 25 2016

JEFFERSON COUNTY
DISTRICT COURT

Jefferson County
State of Washington,
_____
Plaintiff,

)
)
)
)
)
)
)
)
)

No. 6Z0657744

Notice of Appeal

vs

Calderon, Alejandro R
_____
Defendant.

RECEIVED

OCT 25 2016

JEFFERSON COUNTY

The Appellant (print your name) _Alejandro R. Calderon_ seeks review by the
Jefferson County Superior Court of the decision reached in Jefferson County District Court
under cause number _6Z0657744_ entered on _Sept 26 2016_ in the above named
Court. Defendants Date of Birth: _July 8, 1974_ Copies of Notice of Appeal have been
served on all parties.

Trial Court Judge _Judge Pro tem Noah Harrison_

Specific errors of law claimed are: _Judge practicing law from the bench._
_Denial of Due Process - unbias Judge denied Jury trial, practicing law by_
_entering evidence on the record, allowing Heresay testimony - lacks competence._

☐ Criminal (RALJ) _____
                    (Include charge description)

☐ Civil (RALJ) _____

☒ Infraction (RALJ) _Speeding, no Insurance, Cannass in vehicle._

☐ Small Claims (De Novo) _____

☐ Other _____


Appellant or Attorney for Appellant:

Name _Alejandro R. Calderon_

Address _1332 E 51st St. Tacoma, WA 98404_

Telephone _253-245-4581_

Respondent or Attorney for Respondent

Name _Noah Harrison    #35369_

Address _210 Polk St Suite 4A Port Townsend, WA 98368_

Telephone _360-379-6303_

# Exhibit H

# THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## COUNTY OF JEFFERSON

**KEITH C. HARPER, JUDGE**
SUPERIOR COURT
P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9360

**RUTH GORDON**
SUPERIOR COURT CLERK
P.O. Box 1220
Port Townsend, WA 98368
(360) 385-9128

April 25, 2017

Alejandro Calderon
1332 East 51st Street
Tacoma, WA  98404

RE:     State of Washington, Plaintiff/Respondent v Alejandro Calderon, Defendant/Appellant
        Jefferson County Cause No. 16-2-00180-6
        COA Cause Number  (not yet assigned)

Enclosed is a printout of the docket of the case which is being appealed.

Please set out your DESIGNATION OF CLERK'S PAPERS request with three columns for the **document number** (called "Sub#" on the case print out), the **date filed**, and the **document title** corresponding to the columns on the computer print-out.  Please list the documents you request in chronological order.   Using these crosschecks assures us accuracy in reproducing Clerk's Papers.

If there is something on the printout which is not marked with a "Sub No.," it is not an actual document filed in the case and cannot be included in your Designation.

Also enclosed please find information regarding Transcription Services.

If you have any questions, please call.

Respectfully,

Vicky Lockhart
Deputy Clerk, Superior Court

Enclosures
cc:  Jefferson County Prosecutor
      Court file

# Exhibit I

**RCW 46.20.270**

**Driving offenses—Procedures—Definitions.**

(1) Every court having jurisdiction over offenses committed under this chapter, or any other act of this state or municipal ordinance adopted by a local authority regulating the operation of motor vehicles on highways, or any federal authority having jurisdiction over offenses substantially the same as those set forth in this title which occur on federal installations within this state, shall immediately forward to the department a forfeiture of bail or collateral deposited to secure the defendant's appearance in court, a payment of a fine, penalty, or court cost, a plea of guilty or nolo contendere or a finding of guilt, or a finding that any person has committed a traffic infraction an abstract of the court record in the form prescribed by rule of the supreme court, showing the conviction of any person or the finding that any person has committed a traffic infraction in said court for a violation of any said laws other than regulations governing standing, stopping, parking, and pedestrian offenses.

(2) Every state agency or municipality having jurisdiction over offenses committed under this chapter, or under any other act of this state or municipal ordinance adopted by a state or local authority regulating the operation of motor vehicles on highways, may forward to the department within ten days of failure to respond, failure to pay a penalty, failure to appear at a hearing to contest the determination that a violation of any statute, ordinance, or regulation relating to standing, stopping, parking, or civil penalties issued under RCW 46.63.160 has been committed, or failure to appear at a hearing to explain mitigating circumstances, an abstract of the citation record in the form prescribed by rule of the department, showing the finding by such municipality that two or more violations of laws governing standing, stopping, and parking or one or more civil penalties issued under RCW 46.63.160 have been committed and indicating the nature of the defendant's failure to act. Such violations or infractions may not have occurred while the vehicle is stolen from the registered owner. The department may enter into agreements of reciprocity with the duly authorized representatives of the states for reporting to each other violations of laws governing standing, stopping, and parking.

(3) For the purposes of this title and except as defined in RCW 46.25.010, "conviction" means a final conviction in a state or municipal court or by any federal authority having jurisdiction over offenses substantially the same as those set forth in this title which occur on federal installations in this state, an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine or court cost, a plea of guilty or nolo contendere, or a finding of guilt on a traffic law violation charge, regardless of whether the imposition of sentence or sanctions are deferred or the penalty is suspended, but not including entry into a deferred prosecution agreement under chapter 10.05 RCW.

(4) Perfection of a notice of appeal shall stay the execution of the sentence pertaining to the withholding of the driving privilege.

(5) For the purposes of this title, "finding that a traffic infraction has

# Exhibit J



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $3.35 | |
| $ | $2.75 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $0.49 |
| $ | |
| Total Postage and Fees | $6.59 |
| $ | |

FEB 28 2017
Here
02/28/2017

Sent To *Dynamic Collector's, Inc.*
Street and Apt. No., or PO Box No. *790 S Market Blvd.*
City, State, ZIP+4® *Chehalis, WA 98532*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 0750 0001 1482 9687

---

```
==================================
         EVERGREEN
       4001 S PINE ST
         TACOMA
           WA
        98413-9994
        5483430061
02/28/2017  (800)275-8777   6:27 PM
==================================
Product              Sale    Final
Description          Qty     Price

First-Class           1      $0.49
Mail
Letter
   (Domestic)
   (CHEHALIS, WA  98532)
   (Weight:0 Lb 0.50 Oz)
   (Expected Delivery Day)
   (Friday 03/03/2017)
Certified             1      $3.35
  (@@USPS Certified Mail #)
  (70160750000114829687)
Return                1      $2.75
Receipt
  (@@USPS Return Receipt #)
  (9590940216646053392786)
----------------------------------
Total                        $6.59

Debit Card Remit'd           $6.59
  (Card Name:Debit Card)
  (Account #:XXXXXXXXXXXX6148)
  (Approval #:        )
  (Transaction #:157)
  (Receipt #:014608)
  (Debit Card Purchase:$6.59)
  (Cash Back:$0.00)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.


In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
```

Alejandro Calderon
1332 East 51st Street
Tacoma, WA 98404


DYNAMIC COLLECTORS INC
790 S MARKET BLVD
CHEHALIS, WA 98532

2-27-2017

Acct #3091809

## NOTICE OF PENDING LAWSUIT

To whom it may concern,

This notice is being sent prior to filing a Federal lawsuit, I am offering DYNAMIC
COLLECTORS INC an opportunity to amicably cure violations of the Fair Debt Collection
Practices Act (FDCPA)15 U.S.C. § 1692 sections e,f,and g. and the  State of Washington's
Collection Agency Act (WCAA) RCW 19.16.250 sections 4,7 and 8.

I am willing to settle these matters amicably without having to file suit and am giving you seven

days from receipt of this letter to take the opportunity to do so.  If DYNAMIC COLLECTORS

INC chooses not to settle the matters at hand then I will have no choice but to file suit and seek

my remedy in a court of law.

I can be reached directly via email at alexerctors@gmail.com or

1332 East 51st Street
Tacoma, WA 98404




Respectfully submitted.

Alejandro Calderon

# Exhibit K

Case 3:17-cv-05321-RBL   Document 1   Filed 05/01/17   Page 46 of 48

the person to whom the call, text message, or other electronic communication is made. The licensee is not in violation of this subsection if the licensee at least monthly updates its records with information provided by a commercial provider of cellular telephone lists that the licensee in good faith believes provides reasonably current and comprehensive data identifying cellular telephone numbers, calls a number not appearing in the most recent list provided by the commercial provider, and does not otherwise know or reasonably should know that the number belongs to a cellular telephone. Nothing in this subsection may be construed to increase the number of communications permitted pursuant to subsection (13)(a) of this section.

(19) Intentionally block its telephone number from displaying on a debtor's telephone.

(20) In any manner convey the impression that the licensee is vouched for, bonded to or by, or is an instrumentality of the state of Washington or any agency or department thereof.

(21) Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs. A licensee may collect or attempt to collect collection costs and fees, including contingent collection fees, as authorized by a written agreement or contract, between the licensee's client and the debtor, in the collection of a commercial claim. The amount charged to the debtor for collection services shall not exceed thirty-five percent of the commercial claim.

(22) Procure from a debtor or collect or attempt to collect on any written note, contract, stipulation, promise or

# Exhibit L

# RCW 19.52.010

## Rate in absence of agreement—Application to consumer leases.

(1) Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of twelve percent per annum where no different rate is agreed to in writing between the parties: PROVIDED, That with regard to any transaction heretofore or hereafter entered into subject to this section, if an agreement in writing between the parties evidencing such transaction provides for the payment of money at the end of an agreed period of time or in installments over an agreed period of time, then such agreement shall constitute a writing for purposes of this section and satisfy the requirements thereof. The discounting of commercial paper, where the borrower makes himself or herself liable as maker, guarantor, or indorser, shall be considered as a loan for the purposes of this chapter.

(2) A lease shall not be considered a loan or forbearance for the purposes of this chapter if:

(a) It constitutes a "consumer lease" as defined in RCW **63.10.020**;

(b) It constitutes a lease-purchase agreement under chapter **63.19** RCW; or

(c) It would constitute such "consumer lease" but for the fact that:

(i) The lessee was not a natural person;

(ii) The lease was not primarily for personal, family, or household purposes; or

(iii) The total contractual obligation exceeded twenty-five thousand dollars.