Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ALEJANDRO-RAY PEDROTTI CALDERON,<br><br>    Plaintiff,<br><br>vs.<br><br>DYNAMIC COLLECTORS, INC.,<br><br>    Defendant. | No. 3:17-cv-5321 RBL<br><br>DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>NOTED FOR HEARING<br>JUNE 9, 2016 |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Dynamic Collectors, Inc. (hereinafter "Dynamic") moves to dismiss with prejudice plaintiff Alejandro-Ray Pedrotti Calderon's Complaint. (Dkt 1). Mr. Calderon fails to state a claim under (1) 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"); (2) RCW 19.16 *et seq.*, Washington's Collection Agency Act ("CAA"); and (3) RCW 19.86 *et seq.*, Washington's Consumer Protection Act ("CPA"); and opportunity to amend would be futile.

## II. STATEMENT OF FACTS

**A.    This Court should consider several Jefferson County Court documents in this Rule 12(b)(6) motion both because they are attached to the Complaint, and because they are subject to judicial notice under Fed.R.Evid. 201.**

In general, the Court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted).

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 1
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

> Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," may be considered in ruling on a Rule 12(b)(6) motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). Also subject to consideration under Fed.R.Evid. 201 are matters of public record, of which the Court may take judicial notice. *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

*Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1117-18 (W.D. Wash. 2011).

Mr. Calderon has attached to his Complaint the docket for Jefferson County District Court docket, cause no. 6Z0657744, the Notice of Appeal from that case, and the docket from the subsequent appeal in Jefferson County Superior Court, cause no. 16-200180-6. (Dkt 1, Ex. D, F, and G). This Court should consider these documents for purposes of this Rule 12(b)(6) Motion, both because the documents are all attached to the Complaint, and because Dynamic also requests this Court to take judicial notice of them, pursuant to Fed.R.Evid. 201, where they are a matter of public record.

**B.    Plaintiff's debt is based on failure to pay traffic infraction fines.**

On July 23, 2016, Mr. Calderon was charged in Jefferson County District Court, cause no. 6Z0657744, with (1) speeding (RCW 46.61.400); (2) operating a motor vehicle without proper insurance (RCW 46.30.020); and (3) possession of marijuana in a motor vehicle (RCW 46.61.745). (Dkt 1, Ex. D at 2) (p. 29 of 48).

On September 26, 2016, after a contested hearing, the Jefferson County District Court entered a "Finding/Judgment of Committed" for all three charges, and created an accounts receivable for $842.00. (*Id.*).

On October 18, 2016, the Jefferson County District Court issued a Failure to Respond, and increased the amount due from plaintiff to $894.00, in accordance with the State-mandated penalty. (*Id.*).

On October 25, 2016, Mr. Calderon filed a Notice of Appeal to the Jefferson County Superior Court. (Dkt 1, Ex. G). In the Notice of Appeal, Mr. Calderon sought reversal of the

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 2
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

fines against him on the grounds that the district court Judge was "practicing law from the bench," that there was a denial of due process, and that the district court judge made evidentiary errors. (*Id.*).

On November 29, 2016, the Jefferson County District Court assigned Mr. Calderon's case to Dynamic for collections. (*Id.* at 1) (p. 28 of 48).

On December 2, 2016, Dynamic sent Mr. Calderon a notice, indicating that his citation with the Jefferson County District Court had been referred to Dynamic's office for collection. (Dkt 1, Ex. A).

On January 7, 2017, Dynamic sent Mr. Calderon a notice of balance and an itemized statement for his account. (Dkt 1, Ex. C). The notice identified the Jefferson County District Court as the creditor.

On March 27, 2017, the Jefferson County Superior Court affirmed the decision of the Jefferson County District Court. (Dkt 1, Ex. F at 1) (p. 34 of 48).

### C. Plaintiff sued Dynamic under the FDCPA, WCAA, and CPA for an obligation arising from infraction fines affirmed on appeal.

On May 1, 2017, Mr. Calderon, appearing pro se, filed his Complaint against Dynamic. (Dkt 1). Mr. Calderon alleges violations of various consumer protection statutes, although his obligations does not arise from a consumer transaction.

## III. LEGAL AUTHORITY

### A. Standard for dismissal under Rule 12(b)(6).

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* at 1965. When a complaint

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 3
3:17-cv-5321 RBL
6103262.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

> Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
> … The Court is not, however, bound to accept the plaintiff's conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir.2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

*Bldg. 11 Investors LLC v. City of Seattle*, 912 F. Supp. 2d 972, 978 (W.D. Wash. 2012).

The focus of any Rule 12(b)(6) dismissal is the complaint, which precludes consideration of new allegations raised in a plaintiff's opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998).

### B.   Mr. Calderon fails to state a claim under the FDCPA where his obligation is not a "debt" as defined by the FDCPA.

Mr. Calderon's obligation to pay is not a "debt" as defined by 15 U.S.C. § 1692a(5).

> Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a "debt" within the meaning of the statute. The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ..." 15 U.S.C. § 1692a(5). The Act defines "consumer" as "any natural person obligated ... to pay any debt." *Id*. § 1692a(3). The Act does not define "transaction," but the consensus judicial interpretation is reflected in the Seventh Circuit's ruling that the statute is limited in its reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."

*Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004) (some citations omitted).

Court judgments that do not arise from commercial transactions are not "debts" as defined by the FDCPA. *Id.* at 1227. *See also Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) ("district courts … have concluded uniformly that a fine does not stem

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO RULE 12(B)(6) - 4
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2  from a consensual transaction and thus is not a debt under the FDCPA") (collecting cases);
3  *Betts v. Equifax Credit Information Services, Inc.*, 245 F.Supp.2d 1130, 1133-34 (W.D. Wa.
4  2003) (collection for vehicle impoundment, towing, and storage expenses incurred as a result of
5  a violation of RCW 46.55 were outside the FDCPA because they did not involve a consensual
6  consumer transaction).

7      The Jefferson County court dockets attached to Plaintiff's Complaint are public records
8  that reflects that Plaintiff's obligation to pay arises from traffic violations.  (Dkt 1, Ex. D, F,
9  and G).  By definition, then, Plaintiff does not have a "debt" upon which he can bring an
10 FDCPA claim.  As such, Mr. Calderon's claims fall outside the scope of the FDCPA, and fail
11 as a matter of law.  Amendment of the Complaint is futile, because no amendment will cure
12 this fatal defect in the pleadings, so the FDCPA claim should be dismissed with prejudice.

    **C.    Plaintiff fails to state a claim under the WCAA where his obligation is not a "claim" as defined by the WCAA.**

13
14     The WCAA defines a debtor as "any person owing or alleged to owe a claim."
15 RCW 19.16.100(7).  The WCAA defines a "claim" as "any obligation for the payment of
16 money or thing of value **arising out of any agreement or contract**, express or implied."
17 RCW 19.16.100(2) (emphasis added).  Plaintiff's obligation to pay is not a "claim" as defined
18 by RCW 19.16.100(2), and therefore Plaintiff cannot bring a claim under the WCAA.

19     "Washington courts have previously defined 'arising out of' as meaning 'originating
20 from,' 'having its origin in,' 'growing out of,' or 'flowing from.'" *Nat'l Sur. Corp. v. Immunex
21 Corp.*, 162 Wn. App. 762, 772–73, 256 P.3d 439, 444 (2011), *aff'd and remanded*, 176 Wn.2d
22 872, 297 P.3d 688 (2013) (collecting cases). *See also Queen City Farms, Inc. v. Cent. Nat. Ins.
23 Co. of Omaha*, 126 Wn.2d 50, 77, 882 P.2d 703, 718 (1994) (citing Webster's Third New
24 International Dictionary 117 (1981) ("Arise out of" is commonly understood to mean
25 originating from a specific source").

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO RULE 12(B)(6) - 5
3:17-cv-5321 RBL
6103262.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Mr. Calderon's obligation to pay does not "arise out of" any agreement or contract, either express or implied. Mr. Calderon's obligation to pay arose because Jefferson County fined him for speeding, operating a motor vehicle without proper insurance, and being in possession of marijuana in a motor vehicle. (Dkt 1, Ex. D at 2) (p. 29 of 48).

Mr. Calderon was fined by the Jefferson County court; he failed to pay the fines; and the account was sent to Dynamic by the court for collection of the fines. (Dkt. 1, Ex. D) (bottom of p. 28 of 48). Accordingly, there is no "claim" within the meaning of RCW 19.16.100(2), meaning plaintiff is not a "debtor" as defined by RCW 19.16.100(7).

As such, Mr. Calderon's claims fall outside the scope of the WCAA, and fail as a matter of law. Amendment of the Complaint is futile, because no amendment will cure this fatal defect in the pleadings, so the WCAA claim should be dismissed with prejudice

**D.    Plaintiff fails to state a claim under the CPA because (1) *per se* claims fail where the alleged underlying statutory violations fail, and (2) a fine assessed by a court does not arise in trade or commerce.**

**1.    *Per se* claims fail where the underlying alleged violation fails.**

To the extent Mr. Calderon alleges *per se* CPA claims based on alleged WCAA or FDCPA violations, such *per se* claims fail because the underlying claim upon which the *per se* claims are based are not actionable. *See e.g., Fidelity Mort. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 128 P.3d 621 (2005) (dismissing CPA claims based on violations of TILA where TILA claims previously dismissed); *Henery v. Robinson*, 67 Wn. App. 277, 834 P.2d 1091 (1992)[1] (dismissing CPA claims based on violations of RCW 46.70.180 where RCW 46.70.180 claims were dismissed by appeals court); *Linehan v. Allianceone Receivables Mgmt., Inc.*, 2016 WL 5944564, at *3 (W.D. Wash. Oct. 13, 2016) (in which Judge Coughenour dismissed an FDCPA claim as beyond the one-year statute of limitations and then determined that there were no per se claims left to address).

---

[1] Abrogated in part on other grounds by *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 295 P.3d 1179 (2013).

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 6
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**2.     Claims fail under the *Hangman Ridge* test because, at the very least, assessment of a traffic fine is not occur in "trade or commerce" as required to support a CPA claim.**

"[T]o prevail in a private CPA action … a plaintiff must establish five distinct elements: (1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) [a] public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). "Since private CPA plaintiffs must establish all five elements, the finding that [any] element is not met is fatal to plaintiffs' claim." *Id*. at 793.

Without conceding that Mr. Calderon satisfies any remaining element of a CPA claim, at the very least, Mr. Calderon fails the "trade or commerce" element of the test. "Trade and commerce," for the purposes of the CPA, is defined as "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). Mr. Calderon was fined by Jefferson County District Court for violating the law by driving high, fast, and without proper insurance. (Dkt 1, Ex. D at 2) (p. 29 of 48). The fine imposed upon Mr. Calderon by the Jefferson County District Court for illegal activity neither entails the "sale of assets or services," nor is it considered "commerce," which is defined in the dictionary as "the exchange or buying and selling of commodities." [2] *See e.g., Medialdea v. Law Office of Evan L. Loeffler PLLC*, No. C09-55RSL, 2009 WL 1767185, at *8 (W.D. Wash. June 19, 2009) ("a court proceeding does not constitute "trade or commerce" under the CPA").[3] As such, Mr. Calderon's CPA claim must fail on this ground.

---

[2] https://www.merriam-webster.com/dictionary/commerce.
[3] Courts have previously held that a number of activities fall outside the "trade or commerce." *See e.g., Fed. Baseball Club of Baltimore v. Nat'l League of Prof'l Base Ball Clubs*, 259 U.S. 200, 42 S. Ct. 465, 465, 66 L. Ed. 898 (1922) (a baseball game, though played for money, is not trade or commerce because "personal effort, not related to production, is not a subject of commerce," and since baseball game is an exhibition wholly intrastate, there could be no trade or commerce among the States); *Dedication & Everlasting Love to Animals v. Humane Soc. of U.S., Inc.*, 50 F.3d 710, 712 (9th Cir. 1995) ("solicitation of contributions by a nonprofit organization is not trade or commerce"); *Browne v. Avvo Inc.*, 525 F. Supp. 2d 1249, 1254 (W.D. Wash. 2007) (by having a website with attorney ratings that sells advertising space, Avvo.com does not engage in "trade" or "commerce").

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 7
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Mr. Calderon's claims fall outside the scope of the CPA, and thus fail as a matter of law. Amendment of the Complaint is futile, because no amendment will cure this fatal defect in the pleadings, so the CPA claim should be dismissed with prejudice

### IV. CONCLUSION

For the reasons set forth herein, the Court should dismiss with prejudice all of Plaintiff's claims under the FDCPA, the WCAA, and the CPA, and close this case.

DATED this 18th day of May, 2017.

        LEE SMART, P.S., INC.

        By: /s Marc Rosenberg
            Marc Rosenberg, WSBA No. 31034
            Of Attorneys for Defendant
            Dynamic Collectors, Inc.

            1800 One Convention Place
            701 Pike St.
            Seattle, WA 98101-3929
            (206) 624-7990
            mr@leesmart.com

---

Certainly, becoming indebted to a County court through conducting illegal activity is also not "trade or commerce" as contemplated by the Legislature.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 8
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**CERTIFICATE OF SERVICE**

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Alejandro-Ray Pedrotti Calderon    alexerectors@gmail.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Dated this 18th day of May, 2017 at Seattle, Washington.

                      LEE SMART, P.S., INC.

                      By:  /s Marc Rosenberg
                          Marc Rosenberg, WSBA No. 31034
                          Of Attorneys for Defendant
                          Dynamic Collectors, Inc.

                          1800 One Convention Place
                          701 Pike St.
                          Seattle, WA 98101-3929
                          (206) 624-7990
                          mr@leesmart.com

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO RULE 12(B)(6) - 9
3:17-cv-5321 RBL
6103262.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944