Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ALEJANDRO-RAY PEDROTTI CALDERON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DYNAMIC COLLECTORS, INC.,<br><br>　　　　Defendant. | No. 3:17-cv-5321 RBL<br><br>DEFENDANT'S REPLY BRIEF ON MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>NOTED FOR HEARING<br>JUNE 9, 2016 |

## I.  INTRODUCTION

Defendant Dynamic Collectors, Inc. ("Dynamic") has moved to dismiss Plaintiff's Complaint for failure to state a claim. (Dkt 7). The motion to dismiss should be granted.

## II.  LEGAL AUTHORITY

Plaintiff has filed a response to the motion to dismiss that essentially argues five points, (Dkt 9), each of which will be addressed in turn below.

**A.　　The Jefferson County District Court Docket should be judicially noticed.**

"The Court … must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed.R.Evid. 201(c)(2). In its Motion to Dismiss, (Dkt 7 at 2), Dynamic requested that this Court take judicial notice of a docket of the Jefferson County District Court, cause no. 6Z0657744, (Dkt 1, Ex. D); and the Jefferson County Superior Court docket, cause no. 16-2-00180-6, (*Id.*, Ex. F), which were both attached to Plaintiff's Complaint.

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 1
3:17-cv-5321 RBL
6118047.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

"The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). A phone call to Jefferson County District Court, at (360) 385-9135, can easily verify the contents of the docket and, in addition, the remaining appeal documents also filed by Plaintiff act as additional verification of the initial court docket. (Dkt 1, Ex. G and Ex. F).

Plaintiff challenges the authenticity of the court docket that he attached to his Complaint on the ground that the docket was not a court certified document. (Dkt 9 at 2 ¶ A). There is no need that a document be certified in order for the court to take judicial notice, and courts in this circuit routinely take judicial notice of court dockets in other cases.

> Under Federal Rule of Evidence 201, the court may take judicial notice of the docket and various orders issued by King County Superior Court in this related action in state court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"); *In re Zulueta*, 520 Fed.Appx. 558, 559 (9th Cir. 2013) (taking judicial notice of the docket in underlying bankruptcy proceedings); *Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir. 2012) (taking judicial notice of briefs filed in a related case); *Roberson v. City of L.A.*, 220 Fed.Appx. 522, 523 (9th Cir. 2007) (taking judicial notice of the state court docket sheet in the underlying action); *Asdar Grp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (ruling that the court may take judicial notice of the pleadings and court orders in earlier related proceedings); *Madden v. Cate*, No. CV 11-5652 FMO(JC), 2013 WL 5741781, *3 n.5 (C.D. Cal. Oct. 22, 2013) (taking judicial notice of the California Supreme Court docket); *Rosal v. First Fed. Bank of Cal*., 671 F. Supp. 2d 1111, 1120-21 (N.D. Cal. 2009) (taking judicial notice of plaintiff's bankruptcy petition, an order granting a motion for relief from the automatic stay, and the bankruptcy court's order of dismissal); *Retired Emps. Ass'n of Orange Cty., Inc. v. Cty. of Orange*, 632 F. Supp. 2d 983, 985 (C.D. Cal. 2009) (taking judicial notice of a bankruptcy court order under Rule 201); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (ruling in a case involving review under 28 U.S.C. § 1915 that "the Court is empowered to and does take judicial notice of court files and records"). Further, the court may take judicial notice of appropriate public records on its own without a party's request. See Fed. R. Evid. 201(c).

*Khazali v. Berns*, No. C16-1022JLR, 2016 WL 4479915, at *1 (W.D. Wash. Aug. 24, 2016).

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 2
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Plaintiff's unreasonable objection to the taking of judicial notice of the Jefferson County District Court's docket is not well taken, and is not a ground upon which to deny Dynamic's motion to dismiss.

### B. The basis of Plaintiff's obligation is the subject of public record in several documents attached to Plaintiff's Complaint, and is also subject to notice.

Plaintiff next "objects to the defendant's presumption that the alleged debt is based on traffic infraction fines." (Dkt 9 at 2 ¶ B). Again, this fact is one that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2).

The docket unambiguously reflects that Jefferson County District Court entered a "Finding/Judgment of Committed" for all three charges against Plaintiff, and created an amount owing for $842.00. (Dkt 1, Ex. D at 2) (p. 29 of 48). The docket also reflects that Dynamic was retained by the Court to collect upon the fine. (*Id*., Ex. D at 1) (p. 28 of 48).

Plaintiff also filed a Notice of Appeal to the Jefferson County Superior Court, (Dkt 1, Ex. G), seeking reversal of the fines against him on the grounds that the district court Judge was "practicing law from the bench," that there was a denial of due process, and that the district court judge made evidentiary errors. (*Id*.). The Jefferson County Superior Court docket, cause no. 16-2-00180-6, which is also attached to Plaintiff's Complaint, and is also subject to judicial notice, reflects that the superior court affirmed the decision of the Jefferson County District Court. (Dkt 1, Ex. F at 1) (p. 34 of 48).

As such, this Court should take judicial notice that Plaintiff's obligation to pay arose from entry of judgment on his violations of the traffic code.

Plaintiff next argues that the obligation is actionable under the FDCPA merely because of boiler-plate FDCPA language contained in an initial collection letter. (Dkt 1, Ex. A). Plaintiff's meritless argument has been routinely rejected by courts.

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 3
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

> The letter did contain the boilerplate statement at the bottom of the page that the letter was "a communication from a debt collector," but this did not transform the letter into an attempt to collect a debt under the FDCPA. *See Lewis v. ACB Business Servs., Inc*., 135 F.3d 389, 400 (6th Cir.1998) (noting that "the mere fact that the letter states at the bottom that it 'is an attempt to collect a debt' does not transform the letter into an unlawful demand for payment").

*Phillips v. NCO Fin. Sys., Inc.*, 2014 WL 1405217, at *7 (E.D. Mich. Apr. 11, 2014). *See also Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 365 (7th Cir. 2007) (dismissing FDCPA despite boilerplate FDCPA language contained in letter); *Green v. Specialized Loan Servicing, LLC*, 2017 WL 213836, at *6 (W.D. Wis. Jan. 18, (same); *Martin v. Select Portfolio Servicing, Inc.*, 2016 WL 6277734, at *5 (E.D. Cal. Oct. 27, 2016) (same); *In re Greer*, 2010 WL 4817993, at *4 (Bankr. M.D. Tenn. Nov. 22, 2010) ("inclusion of the 'boilerplate' FDCPA language in the September 23, 2009, letter was merely precautionary").

As borne out by the cases cited above, the presence of the mini-Miranda language on Dynamic's letter to Plaintiff was cautionary only, and does not automatically trigger protection under the FDCPA.

### C.  Plaintiff's next argument fails for the same reason as the prior section.

Plaintiff next argues: "The plaintiff objects to the defendant's presumption that the alleged debt is based on traffic infraction fines. Defendant assumes facts not in evidence." (Dkt 9 at 2 ¶ C). This is essentially the same argument made in the preceding section. In both sections Plaintiff argues that Dynamic "assumes facts not in evidence" by asking the Court to take judicial notice that his obligation arose from the court fines assessed against him.

As set forth above, the Jefferson County District Court docket unambiguously reflects that district court entered a "Finding/Judgment of Committed" for all three charges against Plaintiff, and created an amount owing for $842.00. (Dkt 1, Ex. D at 2) (p. 29 of 48). This document also reflects that Dynamic was retained by the Court to collect upon the fine. (*Id*., Ex. D at 1) (p. 28 of 48).

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 4
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Plaintiff also filed a Notice of Appeal to the Jefferson County Superior Court. (Dkt 1, Ex. G). In the Notice of Appeal, Plaintiff sought reversal of the fines against him on the grounds that the district court Judge was "practicing law from the bench," that there was a denial of due process, and that the district court judge made evidentiary errors. (*Id.*). The Jefferson County Superior Court docket, cause no. 16-2-00180-6, which is also attached to Plaintiff's Complaint, and is also subject to judicial notice, reflects that the superior court affirmed the decision of the Jefferson County District Court. (Dkt 1, Ex. F at 1) (p. 34 of 48).

As such, this Court should take judicial notice that Plaintiff's obligation to pay arose from entry of judgment on his violations of the traffic code, since this "fact is one that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2).

### D. Plaintiff fails to present contrary argument or authority to Dynamic's substantive arguments.

Plaintiff next argues: "It is not necessary in this Response to outline exactly how defendant's actions violated the law." (Dkt 9 at 2 ¶ D). Because Plaintiff has chosen not to address any substantive argument presented by Dynamic, Dynamic's arguments remain unchallenged. As such, there is no contrary argument or authority to dispute the following:

1. Plaintiff's obligation to pay a court fine on a traffic violation is not a "debt" as defined by 15 U.S.C. § 1692a(5). *See Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004).

2. Plaintiff's obligation to pay a court fine on a traffic violation is not a "claim," as defined by RCW 19.16.100(2), because it does not "aris[e] out of any agreement or contract, express or implied," as required by RCW 19.16.100(2).

3. Plaintiff's obligation to pay a court fine on a traffic violation did not "occur in trade or commerce," as required by the test set forth in *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986), because it does not involve "the sale of

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 5
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). *See also Medialdea v. Law Office of Evan L. Loeffler PLLC*, No. C09-55RSL, 2009 WL 1767185, at *8 (W.D. Wash. June 19, 2009) ("a court proceeding does not constitute "trade or commerce" under the CPA").

As such, all of Plaintiff's claims fail as a matter of law and are properly dismissed.

### E.   Amendment is futile, so dismissal with prejudice is proper.

Finally, Plaintiff argues: "[I]f the court determines the complaint is deficient. Plaintiff requests that he be allowed to amend it." (Dkt 9 at 2).

This Court has held: "Where it is clear amendment would be futile, the court may dismiss the complaint without leave to amend." *Nhan Phong Vu Tran v. Bank of Am. NA*, No. 13-2299 RBL, 2014 WL 2170294, at *2 (W.D. Wash. May 23, 2014) (citing *Havas v. Thornton*, 609 F.2d 372 (9th Cir.1979)). *See also Hanson v. U.S. Bank, NA*, No. CV11-5287-RBL, 2011 WL 5864722, at *4 (W.D. Wash. Nov. 22, 2011) (in which this Court dismissed a *pro se* plaintiff's claims with prejudice on a motion to dismiss); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107–08 (9th Cir. 2003); *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1125 (W.D. Wash. 2011).

Here, Plaintiff does not propose any way that he can avoid dismissal as to the arguments made by amending the pleadings. Amendment would be futile regardless of amendment since, no matter how Plaintiff amends the pleadings, it is still public record that his obligations arises from court imposed fines. As such, dismissal should be with prejudice.

### III.  CONCLUSION

For the reasons set forth herein and in Dynamic's motion to dismiss, the Court should dismiss with prejudice all of Plaintiff's claims under the FDCPA, the WCAA, and the CPA, and close this case.

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 6
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

| | |
|---|---|
| 1 | DATED this 5th day of May, 2017. |
| 2 | |
| 3 | LEE SMART, P.S., INC. |
| 4 | By: /s Marc Rosenberg<br>Marc Rosenberg, WSBA No. 31034<br>Of Attorneys for Defendant |
| 5 | Dynamic Collectors, Inc. |
| 6 | 1800 One Convention Place<br>701 Pike St. |
| 7 | Seattle, WA 98101-3929<br>(206) 624-7990 |
| 8 | mr@leesmart.com |

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 7
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**CERTIFICATE OF SERVICE**

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Alejandro-Ray Pedrotti Calderon     alexerectors@gmail.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Dated this 5th day of May, 2017 at Seattle, Washington.

                        LEE SMART, P.S., INC.

                        By: /s Marc Rosenberg
                            Marc Rosenberg, WSBA No. 31034
                            Of Attorneys for Defendant
                            Dynamic Collectors, Inc.

                            1800 One Convention Place
                            701 Pike St.
                            Seattle, WA 98101-3929
                            (206) 624-7990
                            mr@leesmart.com

DEFENDANT'S REPLY ON MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) - 8
3:17-cv-5321 RBL
6118047.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944