HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEJANDRO-RAY PEDROTTI CALDERON,

        Plaintiff,

    v.

DYNAMIC COLLECTORS, INC.,

        Defendant.

CASE NO. C17-5321RBL

ORDER

    THIS MATTER is before the Court on Defendant Dynamic's Motion to Dismiss [Dkt. #7]. Pro se Plaintiff Calderon, was charged and ultimately found guilty of speeding, driving without insurance, and possession of marijuana in a vehicle. He was fined $842, which was increased to $894 when he did not respond. Calderon appealed to the Superior Court, which affirmed in March of this year. Calderon did not appeal further.

    Meanwhile, the fine accrued interest and the District Court assigned it to Dynamic for collection. Among other things, Dynamic's correspondence told Calderon that he could lose his license if he did not pay the fine. Calderon sued in May, asserting 20 claims, all under the FDCPA, the Washington Collection Agency Act and the Washington Consumer Protection Act. The gist of the claim is that the threat of taking his license was not proper and was a violation of

these fair debt collection statutes. He also claims that Dynamic's collection fee is not proper, that the state interest rate is too high, and that the "math" is otherwise not accurate.

Dynamic seeks dismissal of all claims, primarily because a court-imposed fine is not the sort of debt to which the FDCPA, the WCAA, or the CPA applies. It asks the Court to take judicial notice of the Jefferson County documents supporting its claim that the debt is in fact a traffic fine, both because they were attached to the complaint, and because they are matters of public record admissible under Fed. R. Ev. 201. Calderon opposes the Court's consideration of the documents, and denies that they are accurate. He offers no alternate version of the facts, or otherwise explains how he incurred the fine.

Generally, a Court may not consider any material outside the pleadings in ruling on a Rule 12 motion, or the motion is converted to one for summary judgment. *See* Fed. R. Civ. P. 12(b)(6) There are two exceptions to this rule. First, the Court may consider material submitted as part of the complaint, or upon which the complaint necessarily relies, if the material's authenticity is not contested. Second, under Fed. R. Evid. 201, the Court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

In the face of these authorities, Calderon's arguments are not persuasive. The Court will take judicial notice of the documents.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The federal Fair Debt Collection Practices Act covers and proscribes the actions of debt collectors seeking to collect debts. While Calderon is correct that a "fine" is a sort of "debt," it is not true that the FDCPA applies to efforts to enforce such obligations:,

> Because not all obligations to pay are considered debts under the FDCPA a threshold issue in a suit brought under the Act is whether or not the dispute involves a "debt" within the meaning of the statute. The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ..." 15 U.S.C. § 1692a(5). The Act defines "consumer" as "any natural person obligated ... to pay any debt." *Id*. § 1692a(3). The Act does not define "transaction," but the consensus judicial interpretation is reflected in the

1  Seventh Circuit's ruling that the statute is limited in its reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-
2  related goods or services."

3 *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004) (some citations omitted). [See Dkt. #7

4 at 4] Dynamic's authorities on this point are both binding persuasive, and they are un-rebutted.

5  A traffic fine is not a consensual transaction. The FDCPA does not apply to Dynamic's

6 efforts to enforce the District Court fine, and its Motion to dismiss all of Calderon's claims based

7 on that statute is GRANTED. Calderon's FDCPA claims are dismissed. Because there are no

8 different or addional facts that Calderon could plead to make this claim plausible, the dismissal is

9 with prejudice, and without leave to amend.

10  The WCCA is similarly inapplicable to a collection agencies' efforts to enforce or collect

11 a traffic fine. As Dynamic points out, that statute applies to "commercial claims," which in the

12 statute "means any obligation for payment of money or thing of value arising out of any

13 **agreement or contract**, express or implied, where the transaction which is the subject of the

14 agreement or contract is not primarily for personal, family, or household purposes." RCW

15 19.16.250(6) (emphasis added).

16  The WCAA does not apply to the collection effort that is the centerpiece of the bulk of

17 the remainder of Calderon's claims. Dynamic's Motion to Dismiss Calderon's WCAA-based

18 claims is GRANTED. Because there are no different or additional facts that Calderon could

19 plead to make these claims plausible, the dismissal is with prejudice and without leave to amend.

20  Finally, Calderon asserts CPA claims, based primarily on his claim that Dynamic's

21 violations of the WCAA (discussed above) are *per se* violations of the CPA. This basis for the

22 claims is insufficient as a matter of law. A CPA claim has five well-established elements: (1) an

23 unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting public

24

1  interest; (4) injuring plaintiff in his or her business or property; and (5) causation. *Hangman*

2  *Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531

3  (1986) (en banc).

4　　　　A contested traffic fine does not occur in "trade or commerce" as a matter law.

5  Dynamic's Motion to Dismiss Calderon's Washington CPA claims is GRANTED. Because there

6  are no different or additional facts that Calderon could plead to make these claims plausible, the

7  dismissal is with prejudice and without leave to amend.

8　　　　All of Plaintiff Calderon's claims are DISMISSED with prejudice, and without leave to

9  amend. The case is closed.

10　　　　IT IS SO ORDERED.

11

12　　　Dated this 29th day of Junem 2017.

13

14　　　　　　　　　　　　　　　　　　　　Ronald B. Leighton
　　　　　　　　　　　　　　　　　　　　　United States District Judge